Daniel, J.
 

 First
 
 — if the ten dollar bank note in question had been totally worthless, and that fact had been known to Nelson and unknown'to Wall, the passing it would have been a clear fraud on the part of Nelson ; and the original balance of the price of the slave sold by Wall to Nelson, would still remain due ; but upon this point the plaintiff made no proof.
 

 Secondly
 
 — if the note was worthless,' at the time it was passed, from the total insolvency of the bank, and the defendant was ignorant of that fact, did it operate as a payment of the debt, to the amount mentioned in the face of ■the bank note ? It seems that the plaintiff failed to make any such proof as would entitle him to call for the decision of the Court upon this point, attempted to be raised in the Court below.
 

 Thirdly
 
 — whether the defendant had guaranteed the' goodness of the note here (that is, in North Carolina)
 
 1
 
 The Court left it to the jury to determine the fact, subject to the question, whether a Justice of the Peace had jurisdiction of such a case. The jury found for the plaintiff upon the guaranty. The Court, after consideration, set the verdict aside and entered a non-suit, because a single Justice has not jurisdiction of a guaranty like this. The plaintiff, then appealed. This Court has several times decided, that an action, upon a promise of a guaranty, was not within the jurisdiction of a single
 
 *303
 
 magistrate.
 
 Adcock
 
 v.
 
 Flemming, 2
 
 Dev. and Bat. 470, and cases there cited.
 

 The judgment must be affirmed. .
 

 Pee Curiam. Judgment affirmed.